# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHSTAR SOURCING, LLC, a Washington limited liability company; and ROBERT PERKINS, an individual,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DAVID CORSI, an individual; ROBERT STEELE, an individual; and MILLER & STEELE LAW, a California partnership,<br><br>　　　　Defendants. | Case No.  22-cv-0247 L (JLB)<br><br>**ORDER DISMISSING ACTION** |

On February 23, 2022, Plaintiff filed a Complaint alleging breach of contract, intentional interference with contract, intentional and negligent misrepresentation, violation of the Trade Secrets Act, misappropriation of trade secrets, conversion and unfair competition in connection with the failure of Defendants to return commercially sensitive customer and sales information related to its business and

the employment of Defendant Corsi in accordance with the terms of a prior settlement. For the following reasons, the Court dismisses the action without prejudice.

On May 6, 2020, the Parties' entered into a settlement agreement ("Settlement Agreement") that resolved the lawsuit that was pending in this Court titled *David Corsi v. Northstar Sourcing Group, LLC, et al.,* Case No. 16-cv-0090-L-JLB ("Corsi Action"). Under the Settlement Agreement, part of the consideration Plaintiffs allege they received was that Mr. Corsi and Mr. Steele and his firm Miller & Steele agreed to destroy or return all materials produced to them by Plaintiff's during discovery in that action.  A Protective Order was issued in that case that specifies all discovery or disclosure materials related to customer information and sales information was protected. (Comp. ¶ 4).

Plaintiff alleges that Corsi, Steele, and Miller & Steele, are now using the same material in a new lawsuit for a new client against Northstar. Further, Plaintiff alleges that Steele has also filed confidential protected material from the Corsi Action in the public record in the new action. Plaintiff asks "this Court to otherwise enforce the terms of the Settlement Agreement including awarding Plaintiffs damages for Defendants' breach and ordering specific performance to prevent Defendants from any further or future breaches of their obligations under the Settlement." (*Id.* at ¶¶ 13, 14.)

Federal courts "have no inherent power to enforce settlement agreements entered into by parties litigating before them." *Arata v. Nu Skin Int'l, Inc.,* 96 F.3d 1265, 1268 (9th Cir.1996) (citing *Kokkonen v. Guardian Life Ins., of Am.,* 511 U.S. 375, 378 (1994)). Rather, courts have ancillary jurisdiction to enforce a settlement agreement only "if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement

agreement) or by incorporating the terms of the settlement agreement in the order." *Kokkonen*, 511 U.S. at 381.

In the event the settlement agreement is breached, the court would have ancillary jurisdiction that arises from breach of the court's dismissal order. *Id*.; see also *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1017 (9th Cir.2007) (stating that where "the dismissal order incorporates the settlement terms, or the court has retained jurisdiction over the settlement contract.... the party seeking enforcement of the settlement agreement must allege a violation of the settlement agreement in order to establish ancillary jurisdiction") (citing *Kokkonen*, 511 U.S. at 381–82, and *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir.1995)).

The Parties' obligations under the Settlement Agreement were not made part of the dismissal order in the Corsi Action. Similarly, the dismissal order does not incorporate the settlement terms, or state that the Court retains jurisdiction over the Settlement Agreement. (Order [ECF No. 23.]) Therefore, the Court does not have jurisdiction to enforce the terms of the Settlement Agreement. In light of the above, the Court **DISMISSES** the action without prejudice. *Kokkonen*, 511 U.S. at 381.

**IT IS SO ORDERED**

Dated:  March 14, 2022

_____
Hon. M. James Lorenz
United States District Judge